IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00948-BNB

CHARLIE JAMES GRIFFIN, JR.,

    Plaintiff,

v.

MESSAMORE KELLY,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 9 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Charlie James Griffin, Jr., has filed *pro se* a Complaint. The court must construe the Complaint liberally because Mr. Griffin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Griffin will be ordered to file an amended complaint.

The court has reviewed the Complaint and has determined that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Griffin fails to provide a short and plain statement of his claim showing that he is entitled to relief. In describing the background of his case, Mr. Griffin briefly discusses a 1995 criminal conviction and sentence and he states that "all of the halfway houses in Colorado has [sic] discriminated against me." (Compl. At 2.) Mr. Griffin then asserts one claim for relief. Mr. Griffin's entire claim is set forth as follows:

> The Halfway Houses in Colorado Springs and E.T.C. has [sic] discriminated against me, because they know that I have been turned down from the parole board over several times and have completed the maximum sentence of 6 years in this case number 95 CR 3859, day for day with out any type of mandatory parole but all the way to my mandatory release date. The Attorney General [sic] Office and the Parole Board, the Department of Corrections and Time Comp have got one big conspiracy toward me, but however I have a criminal case going on at the present at the Colorado Supreme Court, and a Civil Case going in the United States District Court in Colorado, and I am looking forward to proceeding further if necessary to get my justice.

(Compl. At 3.)  In his request for relief, Mr. Griffin asks the court to appoint an attorney to represent him, he seeks damages, he alleges that his constitutional rights have been violated, and he asks to have his criminal conviction expunged from his record.

It is not clear to the court what specific claim or claims Mr. Griffin is asserting and it is not clear exactly who the named Defendant is or what connection he has to Mr. Griffin's criminal conviction and sentence or to the alleged violations of Mr. Griffin's constitutional rights.  Therefore, Mr. Griffin will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action.  Mr. Griffin is advised that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Mr. Griffin also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Griffin should name as Defendants in the amended complaint the persons he believes actually violated his constitutional rights.  Accordingly, it is

ORDERED that Mr. Griffin file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Griffin, together with a copy of this order, two copies of the following form:  Complaint.  It is

FURTHER ORDERED that, if Mr. Griffin fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED April 29, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-00948-BNB

Charlie James Griffin, Jr.
PO Box 17454
Colorado Springs, CO 80935

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on _4/29/09_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk